UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

LLOYD GELWAN,    :

             Plaintiff,    :    06 Civ. 2492 (LMM)

      - v -    :    MEMORANDUM AND ORDER

VERMONT MUTUAL INS. CO.,    :

            Defendant.    :

------------------------------------x

McKENNA, D.J.,

    In light of recent submissions -- including both motions in limine and revised and supplemental damage estimates and claims on the part of plaintiff -- it does not appear reasonably likely that the above action can be tried within the four days beginning June 9, 2008 as originally scheduled. Trial is adjourned sine die pending some further submissions.

    The parties are to respond to their opponent's motion(s) in limine not later than June 5, 2008, with any replies to be submitted by June 11, 2008.

    The parties appear to agree that the case is governed by Massachusetts law. If either side disagrees, the Court is to be so notified in writing not later than June 6, 2008, and the Court will schedule briefing on the choice-of-law issue. If the Court is not so notified of disagreement, the Court will deem the parties to have stipulated that Massachusetts law governs.



COPIES MAILED TO COUNSEL MAY 2 8 2008

The defendant asserts (and the Court does not understand plaintiff to disagree) that the interpretation of the applicable insurance policy or policies is a matter of law for resolution by the Court. The plaintiff asserts (and the Court does not understand defendant to disagree) that, where issues of interpretation of the policy turn on disputed issues of fact, those disputed issues of fact must be resolved by the jury. (See proposed joint pretrial order (Docket Document Nos. 45 & 50) at 2.) Since the Court is to play a role in interpreting the policy, the parties are to brief all issues of interpretation of the policy or policies at issue that they respectively expect to arise (explaining how any issue may depend on disputed facts) on the following schedule (assuming that Massachusetts law has been determined to apply): Plaintiff June 12, 2008; Defendant June 19, 2008; Plaintiff (Reply) June 24, 2008; Defendant (Sur-Reply) June 30, 2008. The Court is to be supplied with complete copies of any policy at issue. Should it be disputed that Massachusetts law applies, the Court will set a new schedule after the choice-of-law issue is resolved.

The Court is willing to schedule a settlement conference during the week of June 9, 2008 if both sides agree. Local counsel may appear for defendant as long as its Massachusetts counsel is available by phone.

SO ORDERED.

Dated: May 28, 2008

Lawrence M. McKenna
U.S.D.J.

2